**MATTEL, INC., Plaintiff–Appellee,**

v.

**James A. LEHMAN, Defendant–Appellant.**

**No. 02–1307.**

United States Court of Appeals, Federal Circuit.

**DECIDED: Oct. 2, 2002.**

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Mattel, Inc. moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss James A. Lehman's appeal for lack of jurisdiction. Lehman opposes. Mattel replies.

Mattel argues that the court should dismiss this appeal because it stems from a complaint seeking declaratory relief related to copyright infringement, an area outside the court's subject matter jurisdiction. Lehman argues that there are patent issues involved in this appeal because several years ago he submitted related patent applications. Lehman argues that if the patents had been issued, Mattel's works would have infringed them. Mattel responds that because the patents in question were never granted, there cannot be any patent rights involved in this appeal.

We agree that dismissal is appropriate.* Our limited jurisdiction does not permit

---

\* Further, the appeal could be dismissed for failure to pay the filing fee. The United States District Court for the Central District of California found that Lehman's appeal was not taken in good faith and denied him in forma pauperis (IFP) status. Pursuant to Fed. R.App. P. 24(a)(5), Lehman was required to attach to his IFP motion here a copy of the district court's order. Because Lehman did not do so, the court inadvertently granted Lehman's IFP motion. Upon review of the district court's ruling, however, we determine

review. *See* 28 U.S.C. § 1295. Assuming for purposes of this motion that Lehman does have relevant patent rights, this court does not have jurisdiction over claims presented in an answer or counterclaim if the complaint does not involve patent issues. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 122 S.Ct. 1889, 1893–94, 153 L.Ed.2d 13 (2002).

Accordingly,

IT IS ORDERED THAT:

(1) Mattel's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) Mattel's motion to dismiss is granted.

(3) Each side shall bear its own costs.

that it is appropriate to vacate our May 8, 2002 order granting Lehman's IFP motion.